UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK
--------------------------------------------------------
IN RE:

     DONNA L. CLAVE                     CASE NO. 07-63887

                           Debtor       Chapter 7

--------------------------------------------------------
APPEARANCES:

EDWARD Y. CROSSMORE, ESQ.
Special Counsel to Chapter 7 Trustee
115 West Green Street
Ithaca, NY 14850

JAMES C. COLLINS, ESQ.
Chapter 7 Trustee
P.O. Box 713
Whitney Point, NY 13862-0713

HARRIS LAW OFFICE, PLLC          LAURA M. HARRIS, ESQ.
Attorney for Debtor                Of Counsel
4199 East Genesee St.             JESSICA GRADY, ESQ.
Syracuse, NY 13214               Of Counsel

Hon. Stephen D. Gerling, Chief U.S. Bankruptcy Judge

## MEMORANDUM-DECISION, FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDER

Donna L. Clave ("Debtor") filed her Chapter 7 petition on November 16, 2007. On January 23, 2008, her husband died, leaving the Debtor as the beneficiary of a life insurance policy in the amount of $250,000. One week later, on January 30, 2008, the Debtor filed a motion to convert her case to Chapter 13. James C. Collins ("Trustee") opposed the motion and asserted a possessory interest in the policy proceeds. On March 4, 2008, the Trustee filed a motion to compel the Debtor to turnover the proceeds of the insurance policy. It is the Trustee's position

that the proceeds would provide a 100% dividend to unsecured creditors, and that the Debtor's refusal to voluntarily turnover the proceeds to him pursuant to § 521(a) and § 541 of the U.S. Bankruptcy Code, 11 U.S.C. §§ 101-1532 ("Code"), is evidence of bad faith and "cause" not to grant the Debtor's motion to convert.

A hearing on both motions was held on March 18, 2008, at the Court's regular motion term in Binghamton, New York. Following oral argument, the Court adjourned the motions to April 22, 2008 and indicated that it would issue a written decision prior to that date or announce its decision from the bench on the 22nd. While the Court did announce its decision on April 22, 2008, denying the Trustee's motion for a turnover and granting the Debtor's motion to convert, it also indicated it would provide the parties with a written decision. After listening to the oral argument, it is now clear that a debtor's right to convert from Chapter 7 to Chapter 13 is not "absolute" as it requires a motion and a determination by the Court that the debtor has not previously converted the case and is qualified to be a Chapter 13 debtor. *See Marrama v. Citizens Bank of Massachusetts*, 127 S.Ct. 1105, 1110 (2007) (pointing out that the debtor had to "qualify" pursuant to Code § 109(e) and also had to get over the hurdle of Code § 1307(c), which provides for the dismissal or conversion to a Chapter 7 "for cause").[1] The Supreme Court in *Marrama* indicated that "a ruling that an individual's Chapter 13 case should be dismissed or converted to Chapter 7 because of prepetition bad-faith conduct, including fraudulent acts committed in an

---

[1] It is to be noted that *Marrama* was a 5-4 decision of the Supreme Court in which the dissent concluded that the right to convert under Code § 706 was subject to only two conditions: it could be exercised only once (Code § 706(a)), and the debtor must meet the conditions to be a debtor under the converted chapter (Code § 706(d)). The dissent concluded that the only condition relevant under Code § 706(d) was found in Code § 109(e) where a debtor sought to convert to Chapter 13 of the Code.

earlier Chapter 7 proceeding, is tantamount to a ruling that the individual does not "'qualify' as a debtor under Chapter 13." *Id.* at 1111. The court rationalized that such an individual is "not a member of the class of 'honest but unfortunate debtor[s]' that the bankruptcy laws were enacted to protect." *Id.*

Of particular relevance to the matter herein, is *dicta* in *Marrama* in which the Supreme Court stated that "[t]he class of honest but unfortunate debtors who do possess an absolute right to convert their cases from Chapter 7 to Chapter 13 includes the vast majority of the hundreds of thousands of individuals who file Chapter 7 petitions each year. Congress sought to give these individuals the chance to repay their debts **should they acquire the means to do so."** *Id.* (emphasis supplied).

As one court has noted, the "right" specified in Code § 706(a) is the "right" to ask to convert. *See In re Kuhn*, 322 B.R. 377, 392-93 (Bankr. N.D. Ind. 2005). The issue then becomes what standard is to be applied to determine whether to grant a debtor's motion. The court in *In re Condon*, 358 B.R. 317 (6th Cir. BAP 2007) suggested that the approach to be taken is to make denial of motions to convert the "exception, but not the rule" and that conversion should be granted readily as long as there has been no abuse. *Id.* at 326. The court went on to suggest that one examine various factors to determine whether a debtor's purpose in filing for Chapter 13 relief is consistent with the underlying purpose and spirit of Chapter 13, namely financial rehabilitation through repayment of debt. *Id.* If that is the case, then the case is likely to have been filed in good faith. The court analyzed several cases in which the courts had denied the debtor's motion to convert, noting a common thread in all of the cases, notably that the debtors had engaged in a pattern of egregious behavior, both prior to filing and during the pendency of

4

the Chapter 7 case, "which strongly suggested that they were manipulating and abusing the

bankruptcy process in a continued effort to avoid repaying their debts." *Id.* at 328.

The court in *Kuhn* determined that the appropriate standard was that of the "totality of

circumstances" and that

> the right to convert is presumptive and should be granted unless there are extreme
> circumstances showing that the debtor is abusing the jurisdiction of the
> bankruptcy court.  While there is no specific test for determining 'extreme
> circumstances' that constitute bad faith, one important factor is whether a debtor
> intentionally attempted to conceal assets from creditors.

*Kuhn*, 322 B.R. at 397; *see also In re Krishnaya*, 263 B.R. 63, 69 (Bankr. S.D.N.Y. 2001)

(indicating that "it should regard the right to convert as presumptive, and should deny the right

to convert only for lack of statutory qualification or extreme circumstances").  Ultimately, the

court in *Kuhn* held that a debtor is precluded from converting his/her case

> only under extraordinary circumstances in which conversion is sought in bad faith,
> or in which the totality of circumstances on the date of filing the motion for
> conversion give rise to significant potential prejudice to creditors regardless of any
> consideration of bad faith.

*Id.* at 398.

In *In re Murray*, 377 B.R. 464 (Bankr. D. Del. 2007), a case with some similarities to the

instant case, the debtor, an 86 year old man, had converted his case from Chapter 7 to Chapter

13 in response to a motion by the U.S. Trustee ("UST"), who asserted that the debtor had

sufficient income to pay all or a portion of his creditors.  After the case was converted, the

Chapter 7 trustee received an anonymous letter informing him that the debtor owned a license

plate with an estimated value of between $200,000 and $250,000. *Id.* at 466-67.  The trustee filed

a motion seeking to reconsider the order converting the case, arguing that the debtor's failure to

5

disclose his ownership in the license plate indicated bad faith. *Id.* at 467.

The facts set forth in *Murray* indicated that some 45 years prepetition, the debtor had been offered two low-digit license plates issued by the State of Delaware, by a friend. *Id.* at 466. As he owned only one vehicle at the time, he took only one. At the time of filing, the license plate was affixed to the debtor's 2000 Lincoln Continental, worth approximately $4,800, which the debtor used on a daily basis. *Id.* When questioned about his failure to list the license plate in his schedules, the debtor indicated that he had not realized that it had any significant monetary value when he filed his petition. *Id.* at 467.

Citing to *Marrama*, the court in *Murray* noted that Code § 706(a) was to be read together with Code § 706(d), which conditioned a debtor's right to convert to Chapter 13 on his/her eligibility to be a "debtor" under Chapter 13. *Id.* at 468. The court noted that the Supreme Court had declined to articulate exactly what conduct qualified as "bad faith" but had indicated that in order that the behavior rise to the level of bad faith, it must be "atypical" and that the denial of conversion was to be limited to "extraordinary cases." *Id.*, quoting *Marrama*, 127 S.Ct. at 1112 n.11. The court in *Murray* went on to focus on the "totality of circumstances," including

> (i) whether the debtor is seeking to convert to Chapter 13 in good faith . . .; (ii) whether the debtor can propose a confirmable plan; (iii) the impact on the debtor of denying conversion weighted against the prejudice to creditor caused by allowing conversion; (iv) the effect of conversion on the efficient administration of the bankruptcy estate; and (v) whether conversion would further an abuse of the bankruptcy process.

*Id.* at 469, quoting *In re Pakuris*, 262 B.R. 330, 335-36 (Bankr E.D.Pa. 2001).

The court in *Murray* considered these factors, noting that the debtor had sought to convert his case not to escape the control of the Chapter 7 trustee, but instead because the UST had forced

6

him to do so.  Interestingly enough, the trustee in that case, as has the Trustee herein, argued that allowing conversion would cause prejudice to the debtor's unsecured creditors, despite the fact that the debtor was now proposing to amend his plan to sell the license plate and pay his creditors in full.  Recognizing that only a small fraction of unsecured creditors generally file proofs of claim, the trustee had offered to file claims on behalf of the creditors pursuant to Rule 3004 of the Federal Rules of Bankruptcy Procedure.  *Id.* at 470.  The court found the request "unavailing." *Id.* at 471.  The court found that as the debtor's amended plan was set for prompt confirmation and contemplated full consummation within six months of confirmation that the effect of conversion would not interfere with the prompt administration of the estate.  *Id.* at 471.  A similar conclusion was reached in finding that the conversion did not represent an abuse of the bankruptcy process.  *Id.*

In the matter under consideration, there is nothing atypical about this Debtor's actions. The only basis for alleging bad faith was her refusal to turnover the insurance proceeds to the Trustee, an allegation that simply was not factually correct.  Examining the factors cited by the court in *Murray* and keeping in mind that the right to convert is "presumptive," it is clear that the Debtor should be given a chance to repay her debts now that she has "acquire[d] the means to do so" as indicated by the Supreme Court in *Marrama*.  She has not engaged in a pattern of egregious behavior either before the case was filed or during the pendency of the Chapter 7 case. There is no evidence that her request to convert the case is in any way a manipulation of the bankruptcy process or an attempt to avoid repaying her debts.  Indeed, she is proposing to pay her creditors in full in the Chapter 13.

Accordingly, the Trustee's motion to compel turnover is denied; and the Debtor's motion

7

to convert to Chapter 13 is granted.

      IT IS SO ORDERED.


Dated at Utica, New York

this 28th day of April 2008



                /s/    Hon. Stephen D. Gerling
                STEPHEN D. GERLING
                Chief U.S. Bankruptcy Judge